# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BILL LIETZKE,

    Plaintiff,

v.

COUNTY OF MONTGOMERY, REESE MCKINNEY, D.T. MARSHALL, ET. AL.,

    Defendants.

Case No. 17-12922
Hon. Terrence G. Berg

## ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

### I. Introduction

Bill Lietzke ("Plaintiff"), a resident of Montgomery, Alabama, filed this action pro per under 42 U.S.C. § 1983 against Montgomery County, Alabama, and Montgomery County Sheriff's officers Reese McKinney, and D.T. Marshall ("Defendants") on August 28, 2017. Dkt. 1. Between August 28, 2017 and September 1, 2017, Plaintiff filed five other cases in this District against Montgomery County and its officers. *See* Case No. 17-12918, 17-12921, 17-12934, 17-12935, and 17-12920.

Plaintiff alleges Montgomery County Sheriff's officers repeatedly "kidnapped" and detained him at Greil Memorial Psychiatric Hospital and Jackson Hospital—both located in the city of Montgomery—thereby violating his Fourth Amendment rights against unlawful search and seizure. Dkt. 1 at Pg ID 1, 2, 3, 5.

For reasons discussed below venue is not proper in this District and the Court will therefore **TRANSFER** this matter to the Middle District of Alabama, Northern Division.

## II. Analysis

Under the federal venue statute, "a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which that judicial district is located;
> (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. §1391(b).

When a case is filed "laying venue in the wrong division or district," the district court "shall dismiss, or in it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Here, Defendants are Montgomery County, Alabama, which is located in the Middle District of Alabama, Northern Division, 28 U.S.C. § 81(b)(1), and Reese McKinney and D.T. Marshall, who, from the pleadings, appear to be officers with the Montgomery Sheriff's Department. Dkt. 1 at Pg ID 3. Public officials, such as police officers, "reside" in the county where they serve. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Thus, for the venue purposes of this § 1983 action, Defendants McKinney and Marshall "reside" in the Middle District of Alabama, Northern Division. Plaintiff is a resident of Montgomery, Alabama, Dkt. 1 at Pg ID 1, and Defendants' alleged unlawful detentions of him took place at hospitals in Montgomery. *Id.* at Pg ID 1-5. Reviewing the allegations in the complaint, it is also clear that not only did "a substantial part of the events or omissions giving rise to the claim" occurred in the Northern District of Alabama, but rather all such events and omissions occurred there.

Because all Defendants "reside" in the Middle District of Alabama, not the Eastern District of Michigan, and because Plaintiff's

Complaint only contains allegations related to events or omissions that took place in Alabama, rather than Michigan, venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

### III. Conclusion

For the reasons discussed above and pursuant to 28 U.S.C. §1406, the Clerk shall **TRANSFER** this case to United States District Court for the Middle District of Alabama, Northern Division. The Court makes no determination regarding the merits of Plaintiff's Complaint or his application to proceed *in forma pauperis*.

**SO ORDERED.**

Dated: October 5, 2017   s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 5, 2017.

s/A. Chubb
Case Manager